**Edward JONES, a minor, by Laura Jones, his mother and next friend, Appellant,**

**v.**

**Junius ROUNDTREE, Appellee.**

**No. 3928.**

District of Columbia Court of Appeals.

Argued Nov. 28, 1966.

Decided Jan. 19, 1967.

Thurman L. Dodson, Washington, D. C., with whom Henry Lincoln Johnson, Jr., Washington, D. C., was on the brief, for appellant.

Edward J. Gorman, Jr., Washington, D. C., with whom Arthur V. Butler, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant brought suit in June 1965 to recover damages for personal injuries allegedly resulting from appellee's negligent operation of a motor vehicle in February 1964. His action was dismissed with prejudice in October 1965 for (1) failing to obey an order of the court directing him to appear for a medical examination,[1] and

---

1. Ct.Gen.Sess.Civ.Rule 37(b) (2) provides: "If a party * * * refuses to obey * * * an order * * * requiring him to submit to a physical or mental examination, the court may make such orders in regard to the refusal as are just, and among others the following: * * * (iii) An order * * * dismissing the action or proceeding * * *."

(2) failing to appear at trial.[2] Subsequent motions to vacate the order of dismissal were denied[3] and he appeals.

The facts of this case are not easily determined. On the one hand, appellant's counsel, Henry Lincoln Johnson, Jr., contends that his own injuries and illness prevented him from properly attending to his cases, and that his misprisions were also the result of conflicting engagements, clerical errors, and the general confusion caused by his physical incapacity. On the other hand, appellee's counsel cites a continuous course of conduct on the part of Mr. Johnson which can only be characterized as a flagrant disregard of the court's rules and orders.

 That the trial court had the power to dismiss this action cannot be questioned. Nor can we say that under the circumstances the dismissal was an abuse of that court's discretion. Protracting litigation and disregarding the rules and orders of our courts are not to be sanctioned or condoned. We are hesitant, however, to visit the sins of an attorney on his client, especially when that client is a minor.

 The record indicates that the conduct of counsel cannot be attributed to appellant. Such "inexcusable" neglect on the part of counsel thus became "excusable" neglect on the part of appellant himself. See L. P. Steuart, Inc. v. Matthews, 117 U.S.App.D.C. 279, 329 F.2d 234, cert. denied, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964). The trial court therefore erred in denying appellant's timely motion to vacate the dismissal, and its action must be reversed and the cause reinstated. In addition, Mr. Johnson is ordered to pay the sum of one hundred dollars to counsel for appellee as reasonable attorney's fees.

The costs of this appeal shall likewise be taxed against him.

Reversed. Cause reinstated.

HOOD, Chief Judge (dissenting):

I dissent from that portion of the Court's opinion which orders Mr. Johnson to pay counsel fees and costs on appeal. Mr. Johnson is not a party to this appeal and his possible liability for counsel fees and costs was not an issue on appeal. I have grave doubts concerning this court's jurisdiction to order Mr. Johnson to make these payments without first giving him notice and an opportunity to be heard.

---

2. Ct.Gen.Sess.Civ.Rule 39(b) provides: "When an action is called for trial and the party seeking affirmative relief fails to respond, an adversary may have the claim dismissed, with or without prejudice, as the court may decide, or may have a trial."

3. Ct.Gen.Sess.Civ.Rule 60(b) provides in pertinent part: "On motion, and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) * * * excusable neglect; * * *."