ERICK BRANDON *et al.*, Plaintiffs-Appellants, *v.* FRED DeBUSK *et al.*,
Defendants-Appellees.

Second District   No. 78-458

Opinion filed July 1, 1980.

Sheldon Oliver Zisook, Ltd., of Chicago, for appellants.

Edward R. Duncan, Jr., of O'Reilly & Cunningham, of Wheaton, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiffs are minors appearing by their father who filed a suit to recover damages for injuries allegedly sustained in an accident on July 4, 1976. They appeal from a judgment which denied their petition brought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) to vacate a prior order dismissing the cause for failure to comply with discovery and awarding attorney's fees to the defendants' attorney. The propriety of dismissing the minors' cases for the failure of the minors' representative to comply with discovery is the principal issue.

I

If the interests of the minors were not involved the record before us would fully sustain the trial court's order of dismissal. The suit was filed on behalf of the minors, then ages 7, 10 and 11, on October 26, 1977. Defendants' request for answers to interrogatories and for production of documents filed on November 28, 1977, received no response; after 28 days defendants sent a further written request for a response within another 28 days; on March 23, 1978, on defendants' motion plaintiffs were given 14 additional days and the motion to dismiss was continued to April 13, 1978. On April 13 plaintiffs did not appear, and the trial court entered an order of dismissal for failure to comply with discovery, with a copy of the order being sent to plaintiffs' attorney. Plaintiffs then filed notice for a May 11, 1978, hearing on a motion to vacate the dismissal order but on that date again failed to appear. Plaintiffs filed a second notice to vacate specifying a May 25, 1978, hearing date. Again plaintiffs failed to appear. The trial court on its own motion continued the matter to permit plaintiffs to file a section 72 petition.

The section 72 hearing was held on June 1, 1978. At that time certain answers to interrogatories were filed but there was no compliance with the notice to produce documents. The matter was continued to June 8 for compliance, and on that date it appeared that in response to a question on medical expenses the plaintiffs stated "amounts unknown at this time; investigation continues." The answers further indicated that plaintiffs did not know what dates they were absent from school, nor the names of their

teachers. Further, the interrogatories indicated that photographs had been taken at the accident site, yet plaintiffs had failed to produce the photographs as requested by the notice. The court again continued the matter for two weeks to allow plaintiffs to comply indicating it would not grant the section 72 petition unless plaintiffs fully complied.

At the hearing on June 22, plaintiffs' attorney indicated that he did not have written answers to the interrogatories but rather wanted to read the answers into the record. In response to the court's question in regard to plaintiffs' failure to provide written answers the attorney indicated that he had been unable to subpoena the doctor but admitted that the subpoena had not been issued until June 20. No reason was given for the failure to respond in writing nor for the failure to subpoena the doctor at an earlier date. In regard to the interrogatories plaintiffs' attorney stated that the plaintiffs had made a thorough search of their records and that they had no bills. However, plaintiffs had a "general recollection of the general amount being approximately $200 for each child."

The trial court then entered an order denying plaintiffs' section 72 petition without prejudice, and ordered plaintiffs' attorney to pay defendants' attorney $300 attorney's fees.

■■ Under Supreme Court Rule 213(c) (Ill. Rev. Stat. 1977, ch. 110A, 213(c)) a party is required to file a sworn answer or objection to each interrogatory within 28 days of service of interrogatory. Also, in answering interrogatories the party is required to answer fully and in good faith to the extent of the actual knowledge and information available to the party or his attorney. (See, *e.g.*, *Battershell v. Bowman Dairy Co.* (1962), 37 Ill. App. 2d 193, 201.) Unwritten answers unsworn to would not satisfy the statutory requirements. Further, the balance of the information requested was clearly available to the plaintiffs. See also *Biehler v. White Metal Rolling & Stamping Corp.* (1975), 30 Ill. App. 3d 435, 441.

■■ The propriety of the dismissal order which was not timely appealed is technically not before the court. (*Cf. Bailey v. Twin City Barge & Towing Co.* (1979), 70 Ill. App. 3d 763, 765, 771.) To be entitled to section 72 relief plaintiffs were required to prove due diligence including proof that they were diligent in pursuing their claim "prior to the dismissal toward which the section 72 relief is directed." (*Bailey,* at 768. See also *M.L.C. Corp. v. Pallas* (1979), 59 Ill. App. 3d 504, 511.) Plaintiffs have in no way demonstrated diligence prior to the entry of the dismissal order nor have they alleged facts and circumstances which might have precluded dismissal had they been known to the trial court. The affidavit in support of their section 72 petition fails to explain why the interrogatories could not be timely answered nor why plaintiffs' attorney did not appear in court in March or April of 1978 to explain the failure to

comply. Only after the dismissal did plaintiffs take steps to provide answers or to explain the inability to comply, and then quite unsatisfactorily.

■■ The inquiry thus narrows to the effect which the minority of the plaintiffs should have on our review of the denial of section 72 relief. Minor litigants are, of course, entitled to special protection by the courts, particularly to see that their rights are protected even from the neglect of their representative in order to do substantial justice. (*Muscarello v. Peterson* (1960), 20 Ill. 2d 548, 555.) The principle has been applied to discovery disclosure rules. (*Stimpert v. Abdnour* (1961), 30 Ill. App. 2d 159, 166.) Even where minors are not involved the drastic sanction of dismissal for failure to comply with discovery should only be invoked where the plaintiff shows a deliberate and contumacious disregard of the court's authority. (*Cedric Spring & Associates v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 402 N.E.2d 352.) It follows that where minors are involved alternative sanctions should even be more extensively pursued.

In this case, if minors were not involved we would have little difficulty in affirming the decision of the trial court. The judge allowed the plaintiffs numerous opportunities to comply with discovery. Dismissing the cause without prejudice, the court was also noting its awareness of the right of the minors to again pursue a section 72 remedy upon reaching majority. (See *Chase v. Cummingham* (1978), 64 Ill. App. 3d 54, 58.) However, it would seem that it would be a more practical solution to pursue alternative procedures to dismissal at this time. Defendants would not be prejudiced in this regard since they are relieved of the requirement of defending potential litigation over a long period of time; and evidentiary difficulties involved in postponing a trial for a number of years, such as potential loss of witnesses, memory failures and changes in physical evidence, may be avoided. Alternative sanctions which will allow both appropriate discovery and a trial on the merits without visiting hardship or prejudice on the parties should be pursued. (See *Cedric Spring & Associates*, at 468.) In the trial court's discretion these may include barring testimony as to certain medical costs, contempt proceedings against the father personally, the appointment of a guardian ad litem to represent the minors in place of the father if he continues to refuse to cooperate, or similar sanctions against the attorney if difficulty lies there, as a condition to the granting of section 72 relief. If none of the alternatives have the effect of securing appropriate discovery, dismissal of the cause may be, of course, the only solution.

■■ We therefore remand the cause to the trial court with directions to vacate its April 13, 1978, order dismissing the case; to then conduct a hearing with the view of imposing alternative sanctions; and if none are availing to again enter its order of dismissal.

## II

■ A further issue has been raised as to the authority of the trial court to impose the sanction of awarding defendants $300 in attorney's fees pursuant to Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)) more than 30 days after the dismissal of the underlying cause of action. A section 72 proceeding is not a continuation of the original action. (Ill. Rev. Stat. 1977, ch. 110, par. 72(2).) It is also true that as a general rule attorney's fees cannot be recovered absent statutory authorization (*Hallmark Personnel, Inc. v. Pickens-Kane Moving & Storage Co.* (1980), 82 Ill. App. 3d 18, 24.) While attorney fees could be assessed for misconduct during the section 72 proceedings under Supreme Court Rule 219 (Ill. Rev. Stat. 1977, ch. 110A, par. 219), they could not be imposed for conduct prior to the dismissal which was not the subject of an appeal. (*Cf. Ford Hopkins Co. v. Faber* (1970), 121 Ill. App. 2d 143, 146.) It is not clear from the record whether the court assessed the attorney's fees for what had transpired in the earlier court appearances although the circumstances would so indicate. We therefore reverse the portion of the judgment below which awarded attorney's fees to the defendants, and remand with directions that the trial court determine the question of attorney's fees upon the hearing to be conducted with reference to imposing alternate sanctions.

Reversed and remanded with directions.

WOODWARD and NASH, JJ., concur.