629 A.2d 716

Shawn **FULTON** et al.

v.

**K & M ASSOCIATES** et al.

**No. 151 Sept. Term, 1992.**

Court of Appeals of Maryland.

Aug. 25, 1993.

Saul E. Kerpelman, Baltimore, for appellant.

Kevin M. Murphy (Juli M. Tweedy, Carr, Goodson & Lee, P.C., all on brief) Rockville, William T. Russell, Jr., Towson, Frank F. Daily, Lord & Whip, Baltimore (Philip C. Jacobson, Anderson, Coe & King, Baltimore, all on brief), for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, and ROBERT M. BELL, JJ.

KARWACKI, Judge.

The issue to be resolved in this case is whether the trial court abused its discretion in denying a motion for voluntary dismissal without prejudice under Maryland Rule 2–506(b) made by a next friend on behalf of a minor plaintiff where counsel lacked sufficient medical evidence to prove the permanent brain damage to the infant which was alleged.

## I.

Shawn Fulton, a minor, is alleged to have suffered chronic lead poisoning during his infancy. In a complaint, his next friend and mother, Jacqueline Alexander, pursuant to Rule 2–202(b) [1], claimed that the primary source of that poisoning was

---

1. Rule 2–202(b) provides:

   **(b) Suits by Individuals Under Disability.**—An individual under disability to sue may sue by guardian or other like fiduciary or, if none, by next friend, subject to any order of court for the protection of the individual under disability. When a minor is in the sole custody of one of its parents, that parent has the exclusive right to sue on behalf of the minor for a period of one year following the accrual of the cause of action, and if the custodial parent fails to institute suit within the one year period, any person interested in the minor shall have the

deteriorated lead based paint ingested by her son in various houses where Shawn lived in Baltimore City. The suit was filed in the Circuit Court for Baltimore City against the owners of those houses ("the appellees") contending that their negligence in maintaining the properties resulted in Shawn's brain damage. Ms. Alexander also made claims in her own right for the loss of services of her son and for expenses she allegedly incurred as the result of her son's lead poisoning.[2] Discovery proceeded and the case was called to trial on June 16, 1992. At trial, plaintiff's counsel informed the court that he lacked sufficient evidence to support Shawn's case, citing lack of cooperation on the part of the next friend in taking Shawn to receive psychometric testing by a clinical psychologist. Plaintiff's counsel contends that such testing would permit a medical expert to conclude whether a pattern of deficits exhibited by the child is consistent with and probably caused by exposure to lead.

Unprepared for trial, plaintiff's counsel sought voluntary dismissal without prejudice pursuant to Md.Rule 2–506(b)[3] in

---

right to institute suit on behalf of the minor as next friend upon first mailing notice to the last known address of the custodial parent.

2. No issue has been raised in this appeal as to the propriety of the trial court's refusal to permit Ms. Alexander to dismiss her individual claims without prejudice. Accordingly, the judgment ultimately entered against her will be affirmed.

3. Rule 2–506 provides in part:

(a) **By Notice of Dismissal or Stipulation.**—Except as otherwise provided in these rules or by statute, a plaintiff may dismiss an action without leave of court (1) by filing a notice of dismissal at any time before the adverse party files an answer or a motion for summary judgment or (2) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

(b) **By Order of Court.**—Except as provided in section (a) of this Rule, a plaintiff may dismiss an action only by order of court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded prior to the filing of plaintiff's motion for voluntary dismissal, the action shall not be dismissed over the objection of the party who pleaded the counterclaim unless the counterclaim can remain pending for independent adjudication by the court.

order to preserve the child's cause of action. Defense counsel opposed the motion. Following a pre-trial hearing, the trial court denied the motion. The trial proceeded and a jury was selected. Plaintiff's counsel presented his client's case. Following the close of the plaintiff's evidence, the defendants moved for judgment in their favor and against the plaintiffs pursuant to Md.Rule 2–519[4], and the trial judge granted that motion. A notice of appeal to the Court of Special Appeals was timely filed. Prior to consideration of case by the intermediate appellate court, we issued a writ of certiorari on our own motion, 329 Md. 479, 620 A.2d 349.

■ Under the plain language of Md.Rule 2–506(b) the appellants lost the absolute right to voluntarily dismiss their action after the appellees filed answers to the complaint. *Scheve v. Shudder,* 328 Md. 363, 377, 614 A.2d 582, 589 (1992). Thereafter, the appellants could only voluntarily dismiss their actions "upon such terms and conditions as the court deems proper." Md.Rule 2–506(b). Consequently, in an action such as the instant case, where the claims of the infant plaintiff had

---

**(c) Effect.**—Unless otherwise specified in the notice of dismissal, stipulation, or order of court, a dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a party who has previously dismissed in any court of any state or in any court of the United States an action based on or including the same claim.

4. Rule 2–519 provides in part:

    **(a) Generally.**—A party may move for judgment on any or all of the issues in any action at the close of the evidence offered by an opposing party, and in a jury trial at the close of all the evidence. The moving party shall state with particularity all reasons why the motion should be granted. No objection to the motion for judgment shall be necessary. A party does not waive the right to make the motion by introducing evidence during the presentation of an opposing party's case.

    **(b) Disposition.**—When a defendant moves for judgment at the close of the evidence offered by the plaintiff in an action tried by the court, the court may proceed, as the trier of fact, to determine the facts and to render judgment against the plaintiff or may decline to render judgment until the close of all the evidence. When a motion for judgment is made under any other circumstances, the court shall consider all evidence and inferences in the light most favorable to the party against whom the motion is made. '

not been previously voluntarily dismissed in a previous action, whether a voluntary dismissal should be granted without prejudice is committed to the sound discretion of the trial judge. Md.Rule 2–506(c); *See New Jersey ex rel. Sandra Lennon v. Strazzella,* 331 Md. 270, 627 A.2d 1055 (1993); *Paturzo v. Home Life Ins. Co.,* 503 F.2d 333, 335 (4th Cir. 1974) (interpreting Federal Rule Civ.Proc. 41(a)(2) from which Md.Rule 2–506(b) is derived). In refusing to permit the claim of the infant plaintiff to be dismissed without prejudice, the trial judge explained:

> "I have no reason to believe, and I'll put this on the record, that based on what has happened up to this point with the fact that considering that you have used best efforts to try and have this testing done, there is no cooperation.... Mr. Murphy had to get a court order to have the mother appear at a deposition, I have no reason to believe that even if I postpone this case that this woman would then cooperate. None at all. There is no expectation that with this case pending for this period of time that now further postponement or a dismissal to give you time to get it done would help."

He continued:

> "Sir, I can't make it clearer. Based on these facts where this woman has not cooperated and where you have done and used best efforts to get her to take her son to this testing and where I have no reason to believe a postponement caused by—no matter how you cut it it's a postponement. If I allow you to dismiss without prejudice, it's a continuance in this case."

He stated further:

> "I'm well aware that I have discretionary powers to grant your dismissal without prejudice. What I'm telling you, I think it's in the best interest of all involved because the defendants, have also expended monies and efforts in this case as well. It's not just you who has accumulated expenses and costs, each one of these defendants have in-

curred attorneys fees, costs, and other expenses related to this case. . . .

"Secondly, each for their own reason has objected to your dismissal which is their right. I understand their position. As part of their objection, Mr. Murphy has made it perfectly clear that this woman has not cooperated with him or his office either. You have gotten—you have told me that she has not withstanding your best efforts, has not cooperated with you to get this testing done. I have no reason to believe that if I granted your request to dismiss this case and testing occurred that, number one, that it would prove that any of these problems were causally related to the lead paint, and secondly, no reason to believe that, in fact, she's going to go to the testing on the later occasion when she's failed to go in the past.

■ Had the trial judge not been considering the claim of an infant, the record would support a holding that the trial court did not abuse its discretion in denying the motion for voluntary dismissal without prejudice. In the instant case, however, the infant plaintiff's action was subject to the control of a next friend. As we held in *Berrain v. Katzen*, 331 Md. 693, 629 A.2d 707 (1992), the trial court owes a duty to infants represented by a next friend, to insure that the next friend does not prejudice the rights and interests of the minor through conflict of interest, fraud, or neglect.

In *Berrain*, the next friend failed to comply with our discovery rule that governs the answering of interrogatories. Upon certification of a good faith effort to seek compliance, counsel for the defendant sought the sanction of dismissal with prejudice under Md.Rule 2–433(a) which the trial court granted. We held that the trial court had abused its discretion in applying such a harsh sanction to foreclose the rights of the minors the trial court had the duty to protect.

■ Based on the same reasoning which supported our decision in *Berrain*, we hold that the trial court in the instant case abused its discretion in denying the voluntary dismissal of the child's claim without prejudice and accordingly reverse.

At the hearing on the motion for voluntary dismissal, plaintiff's counsel outlined his efforts to secure medical testing of the infant plaintiff through the mother on at least four different occasions. Furthermore, counsel for one of the defendants, K & M Associates, related his difficulties in securing deposition testimony of the mother which ultimately required a court order. In light of the apparent neglect of the next friend in prosecuting the claim of the infant plaintiff the trial court should have intervened on behalf of the minor and permitted dismissal of his claim without prejudice.

*JUDGMENT ON THE INDIVIDUAL CLAIMS OF JACQUELINE ALEXANDER AFFIRMED; JUDGMENT ON THE CLAIMS OF SHAWN FULTON BY NEXT FRIEND REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY WITH INSTRUCTIONS TO DISMISS THE INFANT PLAINTIFF'S CLAIMS WITHOUT PREJUDICE; COSTS TO BE PAID BY THE APPELLEES.*