Khia GODFREY, Appellant,

v.

Harvey L. WASHINGTON, et al., Appellee.

No. 93–CV–1337.

District of Columbia Court of Appeals.

Submitted Dec. 13, 1994.
Decided Jan. 26, 1995.

Saul E. Kerpelman, Baltimore, MD, was on the brief for appellant.

Roger W. Heald, Washington, DC, was on the brief for appellee.

KING, Associate Judge:

In this civil action a minor's next friend failed to cooperate in discovery, resulting in a dismissal of the complaint by the trial court.[1] The only issue presented in this appeal is whether the dismissal should have been entered with or without prejudice. We conclude, because the actual party injured was a minor, that the dismissal should be without prejudice.

The facts governing this appeal are neither complicated nor in dispute. Appellant Khia Godfrey, who was approximately eight years old when the complaint was filed, and her mother, Anita Godfrey, had once been tenants in a house owned by appellees, Harvey and Estelle Washington. Claiming that Khia had suffered serious injury due to the ingestion of lead-based paint chips on the premises, Anita Godfrey, acting individually, and as next friend of Khia, filed a four count complaint seeking damages allegedly flowing from the claimed negligence on the part of the Washingtons for not removing the hazard caused by lead-based paint. Three of the counts named Khia as plaintiff; the mother was the named plaintiff in the remaining count.

Thereafter, the Washingtons, despite their best effort, were unable to obtain any discovery from plaintiffs due to the uncooperativeness of the mother. Interrogatories were posed and requests for production of docu-

ments were made; no responses were received. Neither the mother nor the child appeared for scheduled depositions on two separate occasions, and no explanation or notice for their failing to appear was given to the opposing party. An order compelling discovery was then obtained setting forth firm deadlines for responding to written discovery and the conducting of depositions. Those deadlines were not met and the Washingtons then sought a dismissal pursuant to Super.Ct.Civ.R. 37(b)(2)(C). Citing no authorities, counsel for the plaintiffs submitted only the following in response:

> Come the Plaintiffs and in answer state:
> 1. The mother of the infant Plaintiff has totally failed to cooperate with counsel's attempts to pursue this case.
> 2. The Plaintiffs request that the dismissal be without prejudice.

Thereafter the trial court granted the motion and dismissed the complaint with prejudice.

In this appeal, on behalf of the minor Khia Godfrey only, it is not contended that the trial court erred in dismissing the complaint because of the mother's failure to participate in discovery. Indeed, any contrary claim would be unavailing because, on this record, we would be hard pressed to find that the trial court abused its discretion in doing so. *See Perry v. Sera*, 623 A.2d 1210 (D.C. 1993). Rather, it is contended that, because Khia was a minor, the dismissal should have been without prejudice.[2] In support of that claim Khia cites two Maryland cases and an Illinois case which essentially hold, as expressed by the court in one of the cases, that "the trial court has a special duty to protect the rights and interests of the minor plaintiff who is represented by next friend to insure that the next friend does not prejudice those rights and interests through [his or her own] ... neglect." *Berrain v. Katzen*, 331 Md. 693, 629 A.2d 707, 715–16 (1993); *see Fulton v. K & M Associates*, 331 Md. 712, 629 A.2d 716 (1993); *Brandon v. DeBusk*, 85 Ill. App.3d 645, 41 Ill.Dec. 1, 407 N.E.2d 193

---

1. Super.Ct.Civ.R. 17(c) ("An infant ... who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.").

2. Since the statute of limitation will not begin to run until Khia reaches majority, a dismissal without prejudice would permit the re-beginning of the action for some appreciable time in the future. See D.C.Code § 12–302(a)(1).

(1980). In each case the court held that in consideration of the interest of the minor plaintiff, where the next friend has violated court rules, some alternative relief or lesser sanction, short of a dismissal, should be selected by the court. One alternative suggested, which is the one sought here, is a dismissal without prejudice.[3]

In this jurisdiction, in the ordinary case, "the acts and omissions of counsel are imputed to the client even though detrimental to the client's cause." *Railway Express Agency, Inc. v. Hill,* 250 A.2d 923 (D.C.1969). There is little authority, however, respecting what actions a trial court may take in sanctioning rules violations by some other representative of a party such as a guardian, personal representative, or, as in this case, a next friend. The few cases considering the issue recognize that those parties who are not able to protect themselves should not suffer because the representative, who is responsible for protecting them, has defaulted. In those circumstances, as occurred in the Maryland and Illinois cases cited above, the trial court is expected to reflect the helpless true party's interest by softening the sanction, if any, that it imposes, at least where this may be done without prejudicing other compelling countervailing interests.

For example, in *Jones v. Roundtree,* 225 A.2d 877 (D.C.1967), we reviewed an order dismissing with prejudice a complaint that was entered because of the inexcusable neglect of an attorney representing a minor. Although concluding that counsel's neglect was sufficiently egregious to justify a dismissal in the ordinary case, we reversed because we were unwilling to "visit the sins of an attorney on his client, especially when

that client is a minor." *Id.* at 878. Similarly, we have reversed an order of dismissal, entered because of blatant discovery violations by the administrator of the estate of minor children, because the dismissal potentially affected the rights of others, e.g., possible heirs, who were not even aware of, much less responsible for, the administrator's conduct. *Peek v. District of Columbia,* 567 A.2d 50, 53 (D.C.1989). Those cases support the conclusion that where, as here, a minor, who has no control over the outcome of the proceeding, and who is not herself responsible for the actions (or inactions) that triggered the trial court's orders, should not herself suffer because of the default of the next friend.

While *Peek,* and especially *Jones,* recognize that a minor plaintiff should receive special consideration from the court that would not ordinarily be accorded other litigants, there is also statutory support for doing the same. One provision, for example, requires approval by the court of all settlements involving minors, and another mandates that a guardian be appointed by the court to receive any settlement of a minor plaintiff's case that exceeds $3000, *see* D.C.Code § 21–120(a) and (b), thus establishing a policy that a minor plaintiff, under certain circumstances, requires special consideration from the court not ordinarily accorded other litigants. We think, therefore, that in the appropriate case, such as occurred here, the trial court should rule so as to preserve the rights of a minor who would otherwise suffer a significant loss due entirely to the default of some representative who was supposed to be, but was not, acting in

---

**3.** As noted above, none of the cases cited in appellant's brief were cited in the opposition to the motion to dismiss; indeed, no authorities at all were cited to the trial court. An examination of the applicable Atlantic Reporter volume reveals that the attorney who represented the Godfreys in the trial court, and who represents Khia Godfrey in this court, is the same attorney who represented the successful appellants in both *Berrain* and *Fulton,* and therefore must have been aware of those cases, and other cases reaching a similar result, when this issue was litigated in the trial court. Although *Berrain* and *Fulton* had not been decided when the opposition to the motion to dismiss was filed on August 4, 1993, they were

both decided August 25, 1993, approximately one month before the trial court entered the order dismissing the complaint—thus providing ample time for counsel to have brought those cases to the attention of the trial court. *See also* Super.Ct.Civ.R. 59(e) (motion to amend or alter judgment); *Wallace v. Warehouse Employees Union,* 482 A.2d 801, 804 (D.C.1984) (party seeking relief from adverse judgment due to error of law should move pursuant to Rule 59(e)). We think it not at all unlikely, had counsel provided the trial court with the same authorities that he has provided to this court, that the course of action taken by the trial court on this issue would have been different from the one actually taken.

the minor's best interest. See *Brandon, supra*, 41 Ill.Dec. at 3, 407 N.E.2d at 195 ("Minor litigants are ... entitled to special protection by the courts, particularly to see that their rights are protected even from the neglect of their representative in order to do substantial justice").

For all of these reasons we hold, where counsel for the minor did not challenge the propriety of a dismissal with prejudice in the ordinary case, that counsel's request that the dismissal be without prejudice should have been granted. Accordingly, we reverse and remand with direction that the trial court enter a dismissal without prejudice.

*Reversed and remanded.*