**Habibah HAQQ, Appellant,**

v.

**Barbara Jean DANCY–BEY, Appellee.**

**No. 96–CV–985.**

District of Columbia Court of Appeals.

Argued Feb. 17, 1998.

Decided Aug. 13, 1998.

Gregory L. Lattimer, Washington, DC, for appellant.

Paul H. Ethridge, Rockville, MD, for appellee.

Before SCHWELB and REID, Associate Judges, and GREENE, Associate Judge of the Superior Court of the District of

Columbia.*

SCHWELB, Associate Judge:

This action was brought by the mother of Tariq Haqq, a minor, on Tariq's behalf for personal injuries sustained by Tariq, then seven years old, when he was struck by an automobile operated by Barbara Jean Dancy–Bey. Prior to trial, the motions judge issued an order precluding Tariq from presenting the testimony of his accident reconstruction expert, Gregory Manning. Counsel for plaintiff had proposed to call Manning to show that the defendant was operating her vehicle at approximately 50 m.p.h. in a posted 25 m.p.h. zone, and that the defendant's speeding and inattention proximately caused the accident.

When the case went to trial, the plaintiff proceeded without an accident reconstruction expert. Ms. Dancy–Bey presented evidence that she was driving within the speed limit and that Tariq darted in front of her car without looking out for traffic. The jury returned a verdict in the defendant's favor.[1] The plaintiff now appeals, alleging that Manning should have been permitted to testify.

## I.

The motions judge's preclusion order was based on what the judge found to be willful violations by Tariq's trial counsel of Rules 11 and 37 of the Superior Court's Rules of Civil Procedure. In his statement of expected expert testimony filed pursuant to Super. Ct. Civ. R. 26(b)(4), the plaintiff's counsel had identified Manning as his expert witness on the circumstances and cause of the accident, and Ms. Dancy–Bey's attorney promptly noticed Manning's deposition. Upon receiving the notice, however, Manning telephoned the defense attorney and advised the attorney that he (Manning) had not been retained by plaintiff's counsel and that he had not received from Tariq's attorney any information regarding the accident. Tariq's attorney subsequently did retain Manning, but Manning had not completed his investigation prior to the expiration of the time for discovery.

■ The matter came before the motions judge on the plaintiff's request for an extension of discovery and the defendant's motion for sanctions. The judge refused to extend discovery and held that Manning would not be permitted to testify. In a five-page written order dated August 28, 1994 (Order No. 1), and again in a forty-five page order dated November 1, 1995 denying reconsideration (Order No. 2), the trial judge set forth in detail the reasons for her ruling. In Order No. 1, the judge found, *inter alia,* that counsel for plaintiff had filed a false Rule 26(b)(4) statement, in violation of Rule 11, and she declined to extend discovery because an extension would "reward the entirely inappropriate and unprofessional conduct of the [p]laintiff's counsel." In Order No. 2, the judge reaffirmed all of her initial findings and further found that Tariq's trial counsel, in defending what the judge found to be indefensible conduct, had made a number of additional false or misleading statements to the court. Our review of the record satisfies us that there is evidentiary support for the judge's findings with respect to counsel's misconduct, and that those findings are therefore binding upon us pursuant to D.C.Code § 17–305(a) (1997).

## II.

In Order No. 2, the motions judge explained her choice of sanction:

This [c]ourt is aware that the sanction of exclusion is a serious and harsh one. But, the [c]ourt has considered lesser sanctions and none would serve the interests of justice and ensure the efficient administration of this case as well as the exclusion of Mr. Manning's testimony. A monetary sanction imposed on the [p]laintiffs or on [their counsel] would not satisfactorily sanction the behavior that [counsel] has demonstrated in this case so far. It would simply allow [counsel], in return for a payment of money, to set his own scheduling deadlines

---

* Sitting by designation pursuant to D.C.Code § 11–707(a) (1995).

1. At an earlier trial, a jury had also found for the defendant. The judge presiding at that trial, however, set aside the judgment on grounds unrelated to the issues presented on this appeal.

and force the [c]ourt and the defense to wait until he is ready to prepare this case. For the deliberate and willful actions involved in this case, that would be as good as no sanction at all.

In this [c]ourt's view, it is a better solution to exclude Mr. Manning from testifying in this case. Such a sanction would reinforce to the [p]laintiffs, their counsel, and other members of the bar that attempts to thwart the rules and orders of this [c]ourt by the use of false statements will not be tolerated and will result in serious adverse consequences.

■ The foregoing passage demonstrates that the motions judge carefully considered the various sanctions available to her and that she made a conscientious effort to exercise appropriately her considerable discretion in that regard. *See, e.g., Perry v. Sera,* 623 A.2d 1210, 1217–18 (D.C.1993) (discussing trial court's discretion with respect to sanctions for discovery violations); *Park v. Sandwich Chef, Inc.,* 651 A.2d 798, 802 (D.C.1994) (applying abuse of discretion standard to trial court's imposition of Rule 11 sanctions). Our standard of review is therefore deferential, and in the absence of a showing of abuse of discretion or legal error, it is our duty to sustain the motions judge's disposition.

"Judicial discretion must, however, be founded upon correct legal principles." *Park, supra,* 651 A.2d at 802 (citations omitted). Our examination of the record and of the motions judge's written orders leaves us in some doubt as to whether, in precluding Mr. Manning from testifying, the judge included in her calculus, and gave appropriate consideration to, the legal significance of Tariq's age.

In Order No. 1, the motions judge wrote that she had

no way of knowing whether the [p]laintiffs were aware of the actions of their counsel. Even if they were not, the [c]ourt cannot separate the actions of the [p]laintiffs from those of their counsel. The [p]laintiffs have to accept the consequences of their actions and the action of their attorney.

But Tariq Haqq, the person on whose behalf the suit was brought, was only seven years of age at the time of the accident and nine years old when the complaint was filed. He therefore could not have been meaningfully "aware of the actions of [his] counsel," nor could he exercise control over them.

Although we have held that "in the ordinary case, the acts and omissions of counsel are imputed to the client even though detrimental to the client's cause," *Godfrey v. Washington,* 653 A.2d 371, 373 (D.C.1995) (quoting *Railway Express Agency, Inc. v. Hill,* 250 A.2d 923, 926 (D.C.1969)) (internal quotation marks omitted), we have qualified that doctrine in cases in which attorneys or guardians have failed adequately to represent the interests of their minor clients or wards. In *Jones v. Roundtree,* 225 A.2d 877 (D.C.1967), for example, we reversed the dismissal of a minor's complaint, notwithstanding the inexcusable neglect of the case on the part of his attorney, because we were unwilling to "visit the sins of an attorney on his client, especially when that client is a minor." *Id.* at 878. More recently, in *Godfrey,* we stated that, in appropriate cases,

the trial court should rule so as to preserve the rights of a minor who would otherwise suffer a significant loss due entirely to the default of some representative who was supposed to be, but was not, acting in the minor's best interest. *See Brandon [v. Debusk,* 85 Ill.App.3d 645, 41 Ill.Dec. 1,] 407 N.E.2d [193,] 195 [ (Ill.1980) ]. ("Minor litigants are ... entitled to special protection by the courts, particularly to see that their rights are protected even from the neglect of their representative in order to do substantial justice").

653 A.2d at 373–74.[2]

■ Here, of course, the sanction imposed by the motions judge was less Draconian and

---

2. We held in *Godfrey* that, notwithstanding the total lack of cooperation in discovery on the part of the minor plaintiff's mother, the complaint should have been dismissed without prejudice rather than with prejudice. As a result, the plaintiff was free to start the litigation all over again in spite of the default in discovery. In the present case, the plaintiff requested the trial judge, prior to trial, to permit the plaintiff to dismiss his action without prejudice, and the plaintiff now claims that the trial judge's denial of this request was error.

more directly related to the misconduct of counsel than in *Godfrey* or *Jones*. She did not dismiss Tariq's complaint, but only precluded him from calling as a witness the very individual about whom his counsel had made substantial misrepresentations to the court. Nevertheless, the motions judge did not allude in her written orders to any of the authorities we have cited or to the court's duty to provide special protection to litigants who are minors. An exercise of discretion informed by the principles articulated in *Godfrey* and like cases might have led the judge to impose a different sanction, and to penalize the errant attorney rather than the blameless minor plaintiff.[3] Accordingly, we remand the case for reconsideration of the sanction in light of the authorities cited in this opinion. We do not mandate a specific outcome, but elect instead to defer in the first instance to the exercise by the trial court of a fully informed discretion.[4]

If the trial court concludes that, under the standards articulated in this opinion, Mr. Manning should not have been precluded from testifying, then the court shall determine whether the exclusion of Mr. Manning's testimony was harmless.[5] If the imposition of the sanction is found to have been unwarranted and not harmless, then the trial court shall order a new trial.

*Remanded with directions.*[6]

---

If the trial judge had permitted the plaintiff to dismiss the present action without prejudice and then to rebring it, however, then such a ruling would obviously have enabled the plaintiff to circumvent the sanction previously imposed by the motions judge precluding Manning from testifying. We therefore conclude that if the motions judge's initial sanction was appropriate, then the plaintiff is not entitled to reversal on the basis of the trial judge's refusal to authorize dismissal of the complaint without prejudice.

3. Rule 11 sanctions are no longer applicable to discovery disputes, *see* Super.Ct.Civ.R. 11(d) (1998), but this amendment of Rule 11 became effective in June 1995, well after the motions judge invoked Rule 11 in Order No. 1. To the extent that the exclusion of Manning's evidence was intended by the judge to be a sanction for counsel's violations of Rule 11, such a sanction should not be imposed against a client unless the client was aware of or otherwise responsible for the attorney's improper actions. *See, e.g., Moore v. Western Surety Co.,* 140 F.R.D. 340, 345 (N.D.Miss.1991); *Stevens v. Lake,* 615 So.2d 1177, 1184 (Miss.1993) (citing authorities). In most Rule 11 litigation, however, the sanctions at issue require the payment of money.

4. We recognize that, in cases brought on behalf of minor plaintiffs, as in all cases, the judge retains substantial discretion in dealing with improper conduct by attorneys. We have no doubt that the judge has the authority to impose some sanctions for barristerial misconduct even if these sanctions have negative consequences for the children whose lawyers have let them down. In selecting the appropriate sanction, however, the judge must view the issue through the correct "legal lens." *See Eastern Enters. v. Apfel,* —— U.S. ——, ——, 118 S.Ct. 2131, 2161, 141 L.Ed.2d 451 (1998) (Breyer, J., dissenting). Here, that lens must reflect, *inter alia,* this court's analysis in *Godfrey v. Washington.*

5. The judge, in the exercise of her discretion, may wish to hear Mr. Manning's testimony outside the presence of the jury in order to determine whether the exclusion of that testimony affected the outcome of the trial.

6. The plaintiff also claims that the trial judge improperly restricted counsel from cross-examining a defense witness who claimed to have witnessed the accident. The plaintiff's attorney attempted to confront the witness with a photograph which showed that the witness' view was blocked by leaves on a tree. The photograph was taken in July, however, while the accident occurred in September. While it may not necessarily have been error for the trial judge to permit the use of the photograph, and to treat the discrepancy as going to the weight rather than to the admissibility of the evidence, the trial judge was invested with considerable discretion in this area, and we conclude that she did not abuse her discretion by excluding the exhibit. *See, generally, The Washington Post v. District of Columbia Dep't of Employment Servs.,* 675 A.2d 37, 43 (D.C.1996); *Simms v. Dixon,* 291 A.2d 184, 186 (D.C.1972).