Belva D. NEWSOME, Appellant,

v.

DISTRICT OF COLUMBIA,
et al., Appellees.

No. 02–CV–753.

District of Columbia Court of Appeals.

Argued May 28, 2003.
Decided Sept. 16, 2004.

Belva D. Newsome, pro se.

James C. McKay, Jr., Senior Assistant Attorney General for the District of Columbia, with whom Arabella W. Teale, Interim Attorney General at the time the

brief was filed, and the late Charles L. Reischel, Deputy Attorney General at the time the brief was filed, were on the brief for the appellees.

Before TERRY, SCHWELB and RUIZ, Associate Judges.

PER CURIAM:

Belva D. Newsome, formerly the Chief Administrative Law Judge (ALJ) of the District of Columbia Department of Consumer and Regulatory Affairs (DCRA), appeals from the decision of the trial court granting summary judgment to the District of Columbia and to Ms. Newsome's former supervisor in her action to set aside the nondisciplinary termination of her tenure in that position. She raises several contentions in support of her appeal, but her main thesis is that her former attorneys did not represent her effectively.[1] Finding no reversible error, we affirm.

## I.

■ Ms. Newsome first claims that the trial judge abused his discretion by denying her motion to file a second amended complaint. In the complaint as amended, Ms. Newsome proposed to allege violations of the First Amendment and of the Due Process Clause of the Fifth Amendment. This motion was filed after the Joint Pretrial Statement and eight months after the close of discovery. As the trial judge pointed out in denying the motion, the new issues that Ms. Newsome wished to raise would have necessitated substantial additional discovery.

In her brief (originally filed as a motion for summary reversal, which the court denied), Ms. Newsome acknowledges that the trial judge "correctly applied the factors

under [Super. Ct. Civ.] Rule 15(a)," which governs the amendment of pleadings. Indeed, she admits that "[b]ased upon the pleadings before [the judge] and all of the factors [germane to Rule 15(a)], the employee cannot argue that an abuse of discretion occurred." Ms. Newsome nevertheless asks us to apply the "prevailing spirit of liberalism" and reverse the trial judge's ruling, essentially because her former attorneys did not make what she regarded as the appropriate arguments on her behalf.

■ "In the District of Columbia and generally, the acts and omissions of counsel are imputed to the client even though detrimental to the client's cause." *Levi v. District of Columbia*, 697 A.2d 1201, 1205 (D.C.1997) (quoting *Ry. Express Agency, Inc. v. Hill*, 250 A.2d 923, 926 (D.C.1969) (internal quotation marks omitted)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Although there is an "outrageous conduct" exception to the general rule, *Lynch v. Meridian Hill Studio Apts., Inc.*, 491 A.2d 515, 519 (D.C.1985), nothing in this record even approaches a situation warranting the application of this exception. Accordingly, as Ms. Newsome has effectively conceded, the trial judge did not abuse his discretion, *Paul v. Bier*, 758 A.2d 40, 46 (D.C.2000), in denying the motion for leave to file Ms. Newsome's second amended complaint.

## II.

In a related claim, Ms. Newsome asserts that her termination was in violation of her rights under the Due Process Clause of the Fifth Amendment. Because the trial judge appropriately denied as untimely her

---

1. Ms. Newsome begins her Reply Brief by stating that "[t]he distinction between the facts as set forth by the employee and the

employer is that the employer does not distinguish between the employee and her attorneys."

attempt to present this claim in the trial court, the point is not properly before us. *Duke v. Am. Univ.,* 675 A.2d 26, 28 (D.C. 1996).

### III.

■ In the trial court, Ms. Newsome filed a motion for partial summary judgment, claiming for the first time that she was appointed Chief Administrative Law Judge on July 21, 1995, pursuant to a provision of the federal Civil Service Reform Act (CSRA)—specifically, 5 U.S.C. § 3105—and that certain protections provided to federal employees therefore applied to her. The defendants argued that this claim was untimely. Ms. Newsome reiterates before this court the claim that she made in her motion. Assuming, without deciding,[2] that the issue was preserved for appeal, we conclude that Ms. Newsome's claim is without merit.

At the time of Ms. Newsome's termination, 5 U.S.C. § 3105 provided that "[e]ach *agency* shall appoint as many administrative law judges as are necessary for proceedings required to be conducted in accordance with sections 556 and 557 of this title...." (Emphasis added.) The federal regulations implementing 5 U.S.C. § 3105 provided for appointment of federal ALJs by competitive examination administered by the Office of Personnel Management (OPM). 5 CFR §§ 930.201 to 930.203a (2002).[3] An "agency" was required to select an ALJ with OPM's approval or from a list of eligible persons to be provided by OPM. 5 CFR § 930.203a (a) (2002). Under the regulations, the term "agency" had the same meaning as in 5 U.S.C. § 551. 5 CFR § 930.202(a) (2002). 5 U.S.C. § 551(1)(D) states that

" 'agency' means each authority of the [g]overnment of the United States ... but does not include ... the government of the District of Columbia." Hence, Administrative Law Judges appointed pursuant to the authority of 5 U.S.C. § 3105 and other provisions of the CSRA and implementing regulations were federal employees and could be appointed only to serve in federal agencies. Ms. Newsome did not fall within that category.

■ Ms. Newsome also argues that 5 U.S.C. § 3105 applied to her under the provisions of § 714(c) of the District of Columbia Self–Government Act and Governmental Reorganization Act, D.C.Code § 1–207.14(c) (2001). Section 1–207.14(c) provides:

> Unless otherwise specifically provided in this chapter, nothing contained in this chapter shall be construed as affecting the applicability to the District government of personnel legislation relating to the District government until such time as the Council may otherwise elect to provide equal or equivalent coverage.

To support her theory that 5 U.S.C. § 3105 was "personnel legislation relating to the District government" within the meaning of § 1–207.14(c), Ms. Newsome notes that 5 U.S.C. § 3105 was not among the provisions of the CSRA specifically enumerated in the District's Comprehensive Merit Personnel Act (CMPA) as having been superseded with respect to District employees. *See* D.C.Code § 1–632.02 (2001).

Ms. Newsome's position is directly contrary to the federal statute and regulations cited at pages 4–5, *supra.* As we have shown, 5 U.S.C. § 3105 was not "personnel

---

2. The defendants have not asked us to decide the appeal on the grounds that Ms. Newsome has failed to preserve this claim. Arguably, they have waived any waiver.

3. These regulations were promulgated in 1987. 52 Fed. Reg. 34203 (1987).

legislation relating to the District government." D.C.Code § 1–632.02 lists only those provisions of the federal CSRA which applied to District employees before the effective date of the CMPA. Numerous other provisions of the CSRA, including 5 U.S.C. § 3105, were not identified as having been superseded by the CMPA, but this was because they did not apply to District employees but only to federal employees. Ms. Newsome was a District employee, and she cannot successfully claim rights which the statute accorded only to federal personnel.[4]

*Affirmed.*[5]

---

4. Subsequent to Ms. Newsome's termination, the Council of the District of Columbia enacted the "Office of Administrative Hearings Amendment Act of 2003," D.C.Code §§ 2–1831.01 *et seq.* This statute accords certain protections to ALJs of specified District of Columbia agencies, including the DCRA. *See* § 2–1831.03(b)(2) (Supp 2004).

5. Ms. Newsome did not file a grievance with the DCRA, and the court therefore lacked jurisdiction to determine whether her termination violated the CMPA. *See generally Dis-*

*trict of Columbia v. Thompson,* 593 A.2d 621 (D.C.), *cert. denied,* 502 U.S. 942, 112 S.Ct. 380, 116 L.Ed.2d 331 (1991); *White v. District of Columbia,* 852 A.2d 922 (D.C.2004).