Edith Elizabeth PRYOR, Appellant,

v.

Arnold J. PRYOR, Appellee.

No. 9139.

District of Columbia Court of Appeals.

Submitted July 15, 1975.

Decided Aug. 14, 1975.

Beverly G. Stone, Washington, D. C., was on the brief for appellant.

Wesley S. Williams and Francis D. Carter, Washington, D. C., were on the brief for appellee.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

PER CURIAM:

On September 9, 1974, following a trial in which appellee-husband was awarded an absolute divorce on the ground of voluntary separation and sole ownership of a house previously held by the parties as tenants by the entireties, appellant-wife submitted a motion for counsel fees and for the award to her of certain personal property located in the home.[1] Counsel for appellant alleges that she was advised she would be called to the judge's chambers for a conference on the motion. Several days later, however, there was a death in the judge's family and counsel states that she did not press for the conference out of concern and respect for the judge and his privacy, feeling he would enter an order only after he had given her the opportunity to argue the submitted motion. A di-

vorce decree, including a provision for $150 in counsel fees and a denial of the request for the personal property award, was signed out of the presence of the parties and counsel on September 16 and entered on the docket on September 19, 1974.

Appellant's counsel learned of the decree of divorce in a chance encounter with the trial judge's law clerk on October 25. At that point a severe nosebleed requiring medical attention and an intervening legal holiday caused further delay, so that a notice of appeal from the order of September 19 was not filed until October 30.[2] Apparently realizing that her attempted appeal was untimely, counsel filed, on November 4, a motion for an extension of time to note an appeal based on excusable neglect.[3] The instant appeal is from the denial of that motion.[4]

Excusable neglect has been held to include lack of knowledge of entry of a judgment, extraordinary cases such as physical disability and unusual delay in the transmission of mail, and so-called "unique circumstances". *Files v. City of Rockford,* 440 F.2d 811, 814–15 (7th Cir. 1971). No extraordinary factors amounting to excusable neglect are present in this record. The record does show that notice of the Sep-

1. The wife was awarded temporary custody of the two children born of the marriage, with a final determination to be made after social investigation and review.

2. These events do not concern us here since they occurred after the time for appeal (October 22) had expired. Super.Ct.Civ.R. 6(a), and D.C.App.R. 4, subd. II(a)(3) which reads:

   **Entry of Judgment or Order.** A judgment or order is deemed to be entered when it is entered in the civil docket by the clerk. When a judgment or final order is entered or decided out of the presence of the parties and counsel and without previous notice to them of the court's decision, such judgment or order shall not be considered as having been entered, for the purpose of computing the time for filing a notice of appeal, until the third day after notice thereof has been mailed to the parties or counsel by the Clerk of the Superior Court. . . .

3. D.C.App.R. 4, subd. II(a)(4) :

   **Excusable Neglect.** Upon a showing of excusable neglect, the Superior Court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by subdivision (1). Such an extension may be granted before or after the time otherwise prescribed by subdivision (1) has expired, but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

4. Appellant's brief was directed entirely to the merits of the September 19 order, but at our direction appellant addressed the question of jurisdiction in a supplemental brief.

tember 19 order was sent, as required by Super.Ct.Civ.R. 77(d),[5] but counsel claims she received no notice. The rule provides, however, that the time for filing a notice of appeal runs whether or not the notice is sent or received. *See Hodgson v. United Mine Workers of America*, 153 U.S.App. D.C. 407, 413 & nn. 31 and 32, 473 F.2d 118, 124 & nn. 31 and 32 (1972). Thus, lack of knowledge of the entry of judgment occasioned by failure to receive the clerk's notice does not, without more, constitute grounds for a finding of excusable neglect. *Gooch v. Skelly Oil Company*, 493 F.2d 366, 369–70 (10th Cir. 1974).

No other facts are present here which, together with the failure to receive notice, provide a basis for such a finding. Although we commend counsel's concern for the trial judge, there were other means available to her, *i. e.*, through contact with the law clerk or secretary or the clerk's office to keep abreast of the case without having to disturb the judge personally. For the same reason, the fact that counsel expected a hearing to be held, apparently at her request, does not make the lack of initiative on her part excusable. Rule 77(d) of the Fed.R.Civ.P. which can, in this instance, be construed in *pari materia* with Super.Ct.Civ.R. 77(d), has been held to charge "the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest. . . ." *Long v. Emery*, 383 F.2d 392, 394 (10th Cir. 1967) (citation omitted).

Since we find no abuse of discretion in the denial of appellant's motion for an ex-

tension of time to note an appeal, the merits of the decree of divorce are not properly before us.[6] *Hodgson v. United Mine Workers of America, supra* at 413, 473 F. 2d at 124.

*Appeal dismissed.*

---

5. Super.Ct.Civ.R. 77(d) reads in pertinent part:

Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the rules for the District of Columbia Court of Appeals.

6. Appellant protests the award of the property to her husband, which is a matter with-

in the discretion of the trial court. *Lundregan v. Lundregan*, D.C.Mun.App., 176 A.2d 790 (1962). Her request for reimbursement of sums expended for child support was not litigated in the trial court and thus would not, in any event, be before us on a proper appeal. The award of custody was temporary only and appellant will have an opportunity to press her claim for permanent custody upon review of that issue by the trial judge.