Linda Bayer BERENBAUM, Appellant,

v.

Michael G. BERENBAUM, Appellee.

No. 92–FM–1506.

District of Columbia Court of Appeals.

Argued Nov. 15, 1993.

Decided March 15, 1994.

Linda Bayer Berenbaum, pro se.

Stephen C. Leckar, Washington, DC, for appellant.

Stephen M. Nassau, Washington, DC, for appellee.

Before ROGERS, Chief Judge, STEADMAN and FARRELL, Associate Judges.

PER CURIAM:

Appellant Linda Bayer Berenbaum appeals the denial of her motion to extend the time for filing an appeal on the ground of excusable neglect. *See* Super.Ct.Civ.R. 60(b). The trial judge found, after a hearing, that it was undisputed that appellant's trial attorney had been instructed by appellant not to file a notice of appeal as her attorney, that he had agreed only to facilitate the filing of such notice, that she had signed *pro se*, and that appellant so understood her trial attorney's limited role. The judge found no basis to conclude that appellant had been affirmatively misled by her trial attorney, as in *United States v. Houser*, 804 F.2d 565 (9th Cir.1986). Further, the judge found that there was time for appellant to note her appeal before she went on vacation to Hawaii and that there was nothing to compel her to extend her vacation trip until the last day that she could file a timely notice of appeal. On appeal, appellant contends that the trial judge abused his discretion in concluding that she had procrastinated rather than presented sufficient grounds to show excusable neglect. We affirm.

## I.

The pertinent facts are that the trial judge issued an order on July 14, 1992, out of the presence of the parties. The parties, therefore, had until August 18, 1992, to file a notice of appeal. D.C.App.R. 4(a)(1) & (3). Appellant personally learned of and received a copy of the judge's order at the end of July or August 1, 1992. She left on vacation on August 5, intending to return on August 14, after arranging with her attorney for him to send the unsigned notice of appeal to her home; however, she extended her vacation until August 18th. On Friday, August 14, appellant called her attorney and asked him to fax her a copy of the notice of appeal for her to sign. He responded that he could not fax it until the following Monday, August 17, because of the six-hour time difference between Hawaii and the District of Columbia. On August 17, appellant received the fax from her attorney, but discovered that her signed notice of appeal would not reach her trial attorney in time to be filed on August 18th because Federal Express (nor UPS nor any other service) did not have one-day mail service from Hawaii. On September 11, 1992, appellant filed a motion to extend the time for filing notice of an appeal. A hearing was held on November 5, 1992, and the trial judge denied her motion.

In her brief on appeal, appellant points to the emotional reaction she and her son had to the divorce proceedings that necessitated a vacation and its extension. However, she makes no suggestion that she could not have made arrangements for her appeal to be

noted timely. Rather, she maintains that she relied in good faith on the one-day mail service advertised by Federal Express and did not learn until it was too late that she would be unable to obtain one-day service from Hawaii. In her reply brief, filed by new counsel, she emphasizes that her trial attorney *never* disclosed to her that as her counsel of record he could sign the notice of appeal, although he was aware that she wanted to file a timely appeal and was acting *pro se.*

## II.

■ The thirty-day time limit of D.C.App.R. 4(a)(1) is mandatory and jurisdictional. *In re C.I.T.,* 369 A.2d 171, 172 (D.C. 1977). To demonstrate excusable neglect, appellant had to show lack of knowledge of entry of a judgment, extraordinary circumstances such as physical disability or unusual delay in transmission of the mail, or "unique circumstances." *Pryor v. Pryor,* 343 A.2d 321, 322 (D.C.1975).

■ Two periods of delay are at issue: the time before a party acts and the time thereafter. Regarding the first period, the record shows that appellant had knowledge of the order in sufficient time to note a timely appeal. That she failed to take the initiative to ensure that her appeal was timely noted is not excusable neglect. *See id.* at 323. While she points to her emotional distress, this circumstance would not be unusual for parties to litigation. Unlike the cases on which she relies, appellant was not misled at the beginning of the thirty-day period about the time within which she had to perfect her appeal. *See, e.g., Meek v. Dade County,* 908 F.2d 1540 (11th Cir.1990); *Zurich Ins. Co. v. Wheeler,* 838 F.2d 338 (9th Cir.1988), *reh'g denied,* 918 F.2d 184, *cert. denied,* 499 U.S. 907, 111 S.Ct. 1108, 113 L.Ed.2d 217 (1991); *Redfield v. Continental Casualty Co.,* 818 F.2d 596 (7th Cir.1987). Although she did not receive notice from her trial attorney until the end of July or the first day of August, she neverless had adequate time before leaving on vacation to file her notice of appeal. Had she not changed her original vacation plans, she also would have had sufficient time to file the notice after she had

returned from Hawaii. Instead, after extending her vacation, she waited until the last day to determine whether or not the one-day service on which she was relying would enable her to send her signed notice from Hawaii to her trial attorney so it could be timely filed. The fact that appellant was told on August 17 by a trial court clerk that under the rules she could file a motion to request a thirty-day extension was not a misrepresentation of any kind.

■ Further, although her trial counsel could have signed the notice of appeal and filed it on appellant's behalf, the trial judge's findings that it was undisputed that appellant had instructed her trial attorney not to file a notice of appeal as her attorney and that appellant understood that her trial attorney had a limited role—to facilitate the filing of such notice that she had signed *pro se*—are supported by the record and not clearly erroneous. Appellant's attempt to shift the blame for neglect from herself to her trial attorney, for failing to inform her that he could sign and file her notice of appeal, is to no avail because, generally speaking, the mistakes of counsel are deemed to be the mistakes of the client. *See Lynch v. Meridian Hill Studio Apartments, Inc.,* 491 A.2d 515, 519 (D.C.1985) (attorney's mistake of law, resulting in summary judgment against client, not a basis for relief under Super.Ct.Civ.R. 60(b)(1)), and cases cited. *See also Link v. Wabash R.R.,* 370 U.S. 626, 634 n. 10, 82 S.Ct. 1386, 1390 n. 10, 8 L.Ed.2d 734 (1962) (clients bound by their attorney's inaction); *Harlan v. Graybar Elec. Co.,* 442 F.2d 425, 426 (9th Cir.1971) (per curiam) (showing of neglect, but not excusable neglect, where attorney misread rule on time to file notice of appeal).

■ The second period of delay involves the one day that appellant allowed for her signed notice of appeal to be delivered from Hawaii to the District of Columbia. Appellant has not shown the type of unusual delay in mail transmission that would constitute excusable neglect. *See Fallen v. United States,* 378 U.S. 139, 143–44, 84 S.Ct. 1689, 1692, 12 L.Ed.2d 760 (1963); *Reinsurance Co. of Am. v. Administratia,* 808 F.2d 1249,

1253 (7th Cir.1987). In other words, appellant did not mail her notice of appeal in sufficient time to ensure that, in the "ordinary course of events," *Wright v. Deyton*, 757 F.2d 1253, 1255 (11th Cir.1985), the notice would have arrived timely. Hence, mailing cases in which courts have found excusable neglect because a person has "done all that could reasonably be expected," *id.* at 1255 (citing *Fallen, supra*, 378 U.S. at 144, 84 S.Ct. at 1692), are inapposite.[1] Her reliance on advertised "one-day" service does not present unique circumstances when she waited until the last day to ascertain whether, in fact, such service would be available.

Accordingly, we affirm the order denying the motion.[2]

---

1. We need not address appellee's contention that the trial judge properly denied appellant's motion because she failed to show any excuse for delay in filing her motion to extend the time for filing her appeal.

2. Appellant's other contention, that the trial judge was biased against her, is meritless. She cites no basis to support such a claim. The one alleged example of bias that she points to, where the trial judge told her not to speak until he asked her a question, does not support her allegation.