[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15172
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00528-TCB

DAVID S. YANG,

Plaintiff-Appellant,

versus

BULLOCK FINANCIAL GROUP, INC.,
d.b.a. Northwestern Mutual Life Insurance, Co.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 22, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

David S. Yang appeals the denial of his motion to extend time to file a notice of appeal, which he made following the district court's grant of summary judgment to his former employer, Bullock Financial Group, Inc., in a discrimination suit.[1]  On appeal, Yang argues that the district court abused its discretion in finding that the circumstances surrounding his untimely filing did not constitute "excusable neglect."  Specifically, he contends that the court "gave mere lip service" to the excusable-neglect standard, and instead focused solely on the merits of the underlying suit.

The Federal Rules of Appellate Procedure provide that a party in a civil case must file a notice of appeal "within 30 days after the judgment or order appealed from is entered" in order to invoke the jurisdiction of the appellate court. Fed.R.App.P. 4(a)(1)(A).  The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of our appellate jurisdiction.  *Advanced Estimating Sys., Inc. v. Riney*,  77 F.3d 1322, 1323 (11th Cir. 1996).  However, a district court may extend the time to appeal if the party establishes "excusable neglect or good cause" to justify the late filing.  Fed.R.App.P. 4(a)(5)(A)(ii).

---

[1]    James R. Worrell, General Agent, Inc. was originally named as a defendant, but was later dropped from the suit.

We review a district court's decision regarding "excusable neglect" for an abuse of discretion. *Riney*, 77 F.3d at 1325. "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006). When a district court applies an improper legal standard in evaluating a claim of excusable neglect, we may choose to either remand the case for application of the proper standard, or may apply the proper standard in the first instance. *See Riney*, 77 F.3d at 1325 (remanding for reconsideration); *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1356-57 (11th Cir. 2009) (reversing the denial of a motion). Remanding for application of the correct standard is often appropriate because the excusable-neglect standard allows the district court room for the exercise of discretionary judgment. *Riney*, 77 F.3d at 1325.

The Supreme Court established a four-factor test for determining whether a party's neglect of a deadline is excusable. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). We subsequently held that the *Pioneer* factors apply in the context of motions to extend time to appeal. *Riney*, 77 F.3d at 1323. Accordingly, courts determine

3

whether an untimely appeal should be excused by assessing: (1) the risk of prejudice to appellee; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay and whether the delay was within the reasonable control of the moving party; and (4) whether the appellant acted in good faith. *Id.* at 1325.

The *Pioneer* standard is "at bottom an equitable one, taking account of all relevant circumstances *surrounding the party's omission*." *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498 (emphasis added). In applying the standard, "the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). Since *Pioneer*, we have assessed these factors in a number contexts. For example, in *Cheney*, we considered whether to excuse, pursuant to Fed.R.Civ.P. 60(b), an untimely demand for a trial that was filed six-days after the applicable deadline. We found that the nonmovant was not prejudiced by the delay since it was not "lulled" by the untimely filing. We further explained that, given the short delay, the district court proceedings would not be adversely impacted by permitting the case to be tried. *Id.*

With respect to *Pioneer*'s inquiry into the "reason for the delay," we recognize that untimely filing caused by inadvertence, mistake, or carelessness may still constitute "excusable neglect." *See Riney*, 77 F.3d at 1324. For example, in *Cheney*, we suggested that an untimely filing was excusable because the movant's two attorneys failed to communicate with each other about who was responsible for filing. *See Cheney*, 71 F.3d at 850. As to *Pioneer's* good-faith inquiry, we assess whether the movant intentionally sought advantage by untimely filing. *Id.*

In the instant case, the district court abused its discretion by failing to properly consider the *Pioneer* factors. Rather than focusing on the merits of the underlying action, the district court should have made specific findings regarding the legitimacy of the reason for the delay and the risk of adverse consequences resulting from the delay itself. Because the *Pioneer* standard affords significant discretion in making such findings, we vacate the district court's order and remand the case for reconsideration.

**VACATED AND REMANDED.**