# District of Columbia
# Court of Appeals

**No. 15-CV-906**

JIMMY A. VENTURA,

Appellant,

v.

MCDONALDS WELBURN MANAGEMENT,

Appellee.



CAB-8035-09

On Appeal from the Superior Court of the District of Columbia
Civil Division

BEFORE: BECKWITH and MCLEESE, *Associate Judges;* and NEBEKER, *Senior Judge*.

## J U D G M E N T

This case was submitted to the court on the transcript of record and the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment of the Superior Court is reversed.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: March 16, 2017.

Opinion by Associate Judge Roy W. McLeese.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-CV-906

JIMMY A. VENTURA, APPELLANT,

FILED 3/16/17
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

V.

MCDONALDS WELBURN MANAGEMENT, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAB8035-09)

(Hon. Erik P. Christian, Trial Judge)

(Submitted December 1, 2016                    Decided January 13, 2017)[*]

*Josselin Saint-Preux* for appellant.

Before BECKWITH and MCLEESE, *Associate Judges*, and NEBEKER, *Senior Judge*.

---

[*]    The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the court's grant of the Legal Aid Society's motion to publish.

MCLEESE, *Associate Judge*: Appellant Jimmy Ventura challenges the trial court's order denying his motion for an extension of time to file a notice of appeal. We reverse.

## I.

In 2009, Mr. Ventura filed a complaint against appellee McDonalds Welburn Management and Darrell Coles, alleging among other things that injuries Mr. Ventura suffered during an altercation with Mr. Coles resulted from McDonalds Welburn Management's negligence.[1] In 2011, the trial court dismissed the case for want of prosecution after Mr. Ventura failed to appear at a scheduling conference. Mr. Ventura asked the trial court to reopen the case, but the trial court refused. Mr. Ventura appealed to this court, and in 2012 we remanded the case to the trial court for further consideration.

On July 16, 2014, the trial court again denied Mr. Ventura's motion to reopen the case, concluding that Mr. Ventura had not promptly prosecuted the

---

[1] It is unclear whether Mr. Coles was ever properly served, and he did not make an appearance in the trial court. In the present appeal, this court has not treated Mr. Coles as an appellee. Neither he nor appellee McDonalds Welburn Management has participated in this appeal.

matter, did not demonstrate good faith, and did not show lack of actual notice of the proceedings or the court's orders.  Mr. Ventura filed a notice of appeal on August 21, 2014, six days after the thirty-day deadline to file such a notice under D.C. App. R. 4 (a)(1).  This court issued an order to show cause why the appeal should not be dismissed as untimely.  After reviewing Mr. Ventura's response, this court dismissed the appeal without prejudice to filing a motion for extension of time in the Superior Court.

In December 2014, Mr. Ventura filed a motion for extension of time to file a notice of appeal under D.C. App. R. 4 (a)(5), which permits the Superior Court to extend the time for filing a notice of appeal if the party (1) files the notice of appeal no more than thirty days out of time and (2) shows excusable neglect or good cause.  Mr. Ventura explained that he filed the notice of appeal only six days late, and he contended that the circumstances surrounding the filing supported a finding of excusable neglect.  Specifically, Mr. Ventura explained that he attempted to electronically file the notice of appeal on August 14, the day before the deadline, but the Superior Court Clerk's Office rejected the filing after receiving only some of the submitted documents.  Mr. Ventura went to the court on August 15 to try and remedy the situation, but was unable to resubmit the notice until the following Monday, August 18.  The Clerk's Office again rejected Mr.

Ventura's filing, this time because the document was illegible. Mr. Ventura's motion was finally accepted on August 21. Mr. Ventura argued that these circumstances demonstrated excusable neglect, because he had made every effort to file the appeal on time and was not negligent in doing so.

The trial court denied Mr. Ventura's motion for an extension of time to file a notice of appeal. The trial court relied on four principal considerations: (1) the motion for extension of time was itself untimely, because the rules require such a motion to be filed within sixty days of judgment; (2) unsuccessfully attempting to file a notice of appeal the day before it is due does not constitute good cause or excusable neglect; (3) counsel had previously had problems with efiling documents; and (4) counsel had failed to respond to this court's order to show cause why the earlier appeal should not be dismissed.

## II.

"We review the trial court's denial of an extension of time to file an appeal for abuse of discretion." *In re Ak. V.*, 747 A.2d 570, 574 (D.C. 2000). In conducting our review, we examine whether the trial court made an "informed choice" and whether its determination was "based upon and drawn from a firm

factual foundation." *In re Estate of Yates*, 988 A.2d 466, 468 (D.C. 2010) (internal quotation marks omitted).

Under the applicable standard of review, we are unable to sustain the trial court's ruling that Mr. Ventura failed to show excusable neglect. First, the trial court erred in stating that the rules required Mr. Ventura to file a motion for extension of time within sixty days of judgment. In fact, the rules do not state a deadline for filing a motion for extension of time, instead requiring only that the notice of appeal have been filed no more than thirty days out of time. D.C. App. R. 4 (a)(5)(A)(i). Mr. Ventura complied with that requirement, because he filed the notice of appeal only six days out of time. Second, the trial court erred in stating that Mr. Ventura failed to respond to this court's order to show cause. In fact, Mr. Ventura filed a timely response to the show-cause order. Third, the trial court described Mr. Ventura's first efiled notice of appeal as "deficient," without addressing Mr. Ventura's claim that the notice of appeal was not accepted for efiling due to no fault of his own. Finally, the trial court noted Mr. Ventura's prior difficulties with efiling and faulted Mr. Ventura for failing to make earlier attempts to file his notice of appeal, rather than waiting until the day before the deadline. We are doubtful that this consideration weighs significantly against a finding of excusable neglect. *See generally In re Ak. V.*, 747 A.2d at 575 (in determining

whether appellant established excusable neglect, trial court "must focus primarily on the particular facts of an appellant's failure to timely file an appeal," although trial court may "take into account what he or she may have observed of [appellant's] prior behavior").

Mr. Ventura argues that this court should conclude as a matter of law that he established excusable neglect and thus was entitled to an extension of time. McDonalds Welburn Management did not oppose Mr. Ventura's motion for extension of time in the trial court and has not participated in the present appeal. Under the circumstances, we accept as uncontested Mr. Ventura's persuasive contention that the current record establishes excusable neglect. *Cf. Wynn v. United States*, 386 A.2d 695, 698 n.10 (D.C. 1978) (declining to remand for further factual findings where United States did not present evidence at hearing in trial court and did not seek remand on appeal).

Having concluded that the record establishes excusable neglect, and that the motion for an extension of time to file a notice of appeal therefore must be granted, "we think it appropriate to treat this appeal as though [appellant] obtained the necessary extension from the trial court . . . ." *Clark v. Bridges*, 75 A.3d 149, 153 (D.C. 2013); *see also, e.g.*, *Gibbs v. Frisco City, Ala. Police Dep't*, 626 F.2d 1218,

1221 (5th Cir. 1980) ("We therefore reverse on the finding of no excusable neglect and hold the notice of appeal was timely filed and proceed to a review of the case on the merits."); *cf. United States v. Andrews*, 790 F.2d 803, 807 (10th Cir. 1986) ("[W]e conclude as a matter of law that [appellant] has established excusable neglect. We therefore have jurisdiction to consider the merits of his appeal.") (citation omitted). Mr. Ventura's August 21, 2014, notice of appeal thus must be treated as timely. The Clerk of this court is therefore directed to issue a briefing order so that the appeal may be "consider[ed] on the merits." *Clark*, 75 A.3d at 153-54.

*So ordered.*