*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 24-CV-0654

ROBERT NEWTON, APPELLANT,

V.

ANNETTE GRAJNY (DORFMAN), *et al.*, APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(2023-CAB-007227)

(Hon. Yvonne Williams, Trial Judge)

(Argued February 11, 2026                    Decided May 14, 2026)

*Chidinma Iwuji* for appellant.

*Rachel I. Viglianti*, with whom *Barry A. Harris*, *Crystal S. Deese*, and *Benjamin S. Harvey* were on the brief, for appellees.

Before MCLEESE, DEAHL, and SHANKER, *Associate Judges.*

MCLEESE, *Associate Judge*: Appellant Robert Newton challenges the trial court's denial of his motion for leave to late file a notice of appeal.  We vacate the trial court's ruling and remand the case for further proceedings.

## I. Factual and Procedural Background

Mr. Newton filed a complaint alleging medical malpractice and gross negligence by appellees (a number of doctors, a nurse, several medical practices, George Washington University Hospital, and George Washington University). In an order dated March 11, 2024, the trial court dismissed the complaint as barred by the statute of limitations and as failing to state a claim.

On May 10, 2024, Mr. Newton filed a motion for leave to late file a notice of appeal. *See generally* D.C. App. R. 4(a)(1) (notice of appeal in civil case generally must be filed within thirty days after entry of judgment), 4(a)(5) (Superior Court may extend time for filing notice of appeal if notice of appeal is filed no more than thirty days late and appellant shows excusable neglect or good cause). In support of the motion, Mr. Newton explained that (1) he initially was not aware of the trial court's March 11, 2024, order dismissing the case; (2) on March 22, 2024, when he went to Superior Court to file an opposition to appellees' motion to dismiss, a court employee told him that no orders had been entered in the case since February 2024; (3) he first learned of the order dismissing his complaint on April 12, 2024, when he attempted to attend a virtual court hearing in the case and was told that the hearing had been vacated and the case had been dismissed; (4) court employees told him that day that an email had been sent to the wrong address; and (5) a review of his phone

log, email history, and mail communications showed no record that he received notice of the order dismissing the case. Mr. Newton argued that those circumstances established good cause or excusable neglect warranting an extension of time under D.C. App. R. 4(a)(5).

The trial court denied the motion for leave to late file. In denying the motion, the trial court relied on D.C. App. R. 4(a)(7), which permits a trial court in certain circumstances to "reopen" the time within which to file a notice of appeal for a period of fourteen days. A motion to reopen under that provision must be filed within the earlier of 180 days after judgment was entered or fourteen days after receiving notice of the entry of judgment. D.C. App. R. 4(a)(7)(B). The trial court noted that Mr. Newton's motion for leave to late file was submitted on May 10, 2024, which was more than fourteen days after April 12, 2024, the day that Mr. Newton learned of the order dismissing the case. The trial court therefore denied Mr. Newton's motion for failing to meet that fourteen-day deadline.

## II. Analysis

We review for abuse of discretion the trial court's ruling on the motion for leave to late file the notice of appeal. *Ventura v. McDonalds Welburn Mgmt.*, 154 A.3d 103, 105 (D.C. 2017). Because the trial court committed an error of law in ruling on the motion, we vacate the trial court's ruling.

Mr. Newton's motion sought relief under D.C. App. R. 4(a)(5). The trial court denied the motion, however, because the motion did not meet the timing requirements of a separate provision, D.C. App. R. 4(a)(7). To the extent the trial court believed that only Rule 4(a)(7) applies to Mr. Newton's motion, that was error. As counsel for appellees acknowledged at oral argument, a motion for leave to late file under D.C. App. R. 4(a)(5) does not need to comply with the timing requirements of D.C. App. R. 4(a)(7). The two rules are not mutually exclusive. *Cf. Zack v. United States*, 133 F.3d 451, 452-53 (6th Cir. 1998) (where party receives late notice of order being appealed, party can seek relief under either Fed. R. App. P. 4(a)(5) (providing for thirty-day extension of time) or Fed. R. App. P. 4(a)(6) (providing for reopening of time to appeal); provision for reopening time to appeal "was enacted to provide a party an additional window of opportunity to file a notice of appeal where the additional period allowed under Rule 4(a)(5) has expired; it was not intended to be the exclusive avenue by which to seek a remedy where a party has received late notice of the entry of a judgment or order"). The trial court thus erred.

In part because of that mistake of law, the trial court did not adequately address the question whether there was good cause or excusable neglect within the meaning of D.C. App. R. 4(a)(5). *See generally*, *e.g.*, *Kids Holdings, Inc. v. Hinojosa*, 311 A.3d 910, 916 (D.C. 2024) ("A court acts outside the scope of its

discretion when it makes an error of law.") (citation modified). The trial court did say that it disagreed with Mr. Newton's argument "that good cause exists for the [c]ourt to extend his deadline" to file a notice of appeal. The trial court's order, however, then stated only two reasons for its conclusion. First, as already noted, the trial court relied on the view that Mr. Newton's motion was untimely under the requirements of an inapplicable provision. Second, the trial court stated that extending the time to appeal beyond the fourteen-day requirement of D.C. App. R. 4(a)(7)(B) would be prejudicial to appellees because doing so would permit Mr. Newton to "further litigate his frivolous" claims on appeal.

Both of the trial court's stated reasons rest on the mistaken assumption that Mr. Newton's motion was subject to the fourteen-day requirement of D.C. App. R. 4(a)(7)(B). That mistake of law by itself supports vacating the trial court's ruling and remanding for a new exercise of discretion. *See, e.g.*, *Gilliam v. D.C. Dep't of Forensic Scis.*, 343 A.3d 900, 906 (D.C. 2025) ("Ordinarily, we remand for reconsideration of a discretionary ruling that rests in part on an erroneous factor.").

Because we are remanding for further proceedings, we note three points that are potentially relevant to the proceedings on remand. First, our cases do not appear to state a clear standard for determining whether "excusable neglect or good cause" exists under D.C. App. R. 4(a)(5). We do have cases addressing the meaning of

"excusable neglect" as it appeared in earlier versions of D.C. App. R. 4(a) that did not include "good cause." *See, e.g.*, *In re Ak. V.*, 747 A.2d 570, 574 (D.C. 2000) ("To demonstrate excusable neglect, appellant must show lack of knowledge of entry of a judgment, extraordinary circumstances such as physical disability or unusual delay in transmission of the mail, or unique circumstances.") (citation modified). We also have cases interpreting the phrase "excusable neglect or good cause" under other provisions similar to D.C. App. R. 4(a)(5). *See, e.g.*, *Family Fed'n for World Peace & Unification Int'l v. Moon*, 338 A.3d 10, 40-41 (D.C. 2025) (interpreting Super. Ct. Civ. R. 6(b), which permits trial court to grant post-deadline motion for leave to extend time on showing of good cause and excusable neglect); *Admasu v. 7-11 Food Store No. 11731G/21926D*, 108 A.3d 357, 361-64 (D.C. 2015) (interpreting D.C. Code § 51-111(b), which permits extension of time within which to take administrative appeal from denial of unemployment benefits upon showing of "excusable neglect or good cause"; utilizing four-part test for determining excusable neglect applied in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)). Primarily because the parties have not fully briefed the issue in this court, we do not at this juncture attempt to resolve any uncertainty about the precise standard applicable to motions for leave to late file under D.C. App. R. 4(a)(5).

Second, the trial court stated that it was denying Mr. Newton's motion for leave to late file in part because the trial court viewed Mr. Newton's complaint as frivolous. When deciding whether a movant has made a showing of excusable neglect or good cause warranting an extension of time within which to file a notice of appeal, however, "trial judges must focus primarily on the particular facts of an appellant's failure to timely file an appeal." *In re Ak. V.*, 747 A.2d at 575. We are not aware of any decision of this court suggesting that the trial court's assessment of the merits of the movant's case is an appropriate factor to consider in deciding whether to grant a motion for leave to late file a notice of appeal. Several federal decisions addressing the corresponding provisions of the Federal Rules of Appellate Procedure have held that the trial court should not consider the trial court's view of the merits of the appeal. *See, e.g.*, *Yang v. Bullock Fin. Grp., Inc.*, 435 Fed. Appx. 842, 844 (11th Cir. 2011) (unpublished per curiam) (holding that "[r]ather than focusing on the merits of the underlying action, the district court should have made specific findings regarding the legitimacy of the reason for the delay and the risk of adverse consequences resulting from the delay itself" when assessing extension to file notice of appeal based on showing of "excusable neglect or good cause" under Fed. R. App. P. 4(a)(5)(A)(ii)); *United States v. Cabarris*, 361 Fed. Appx. 441, 442 n.* (4th Cir. 2009) (unpublished per curiam) (holding that "a merits review by the district court . . . is not an appropriate consideration" when assessing extension to

file notice of appeal under Fed. R. App. P. 4(b)(4) "for excusable neglect or good cause"). We agree with those decisions.

Third, the trial court expressed the view that appellees were prejudiced merely because an extension would have required them to litigate the appeal. It is true that the appellees in this case will be obliged to defend the appeal on the merits if the motion for leave to file out of time is granted. We hold, however, that the ordinary burden of litigating an appeal is not a form of prejudice that weighs against granting a motion for leave to file a notice of appeal out of time. Rather, prejudice in this context will typically involve untimeliness that places additional burdens on the opposing party, beyond the ordinary costs of litigation, or otherwise unduly impedes the opposing party's ability to respond on the merits. *Cf., e.g., Savage-Bey v. La Petite Acad.*, 50 A.3d 1055, 1062 (D.C. 2012) (in assessing "excusable neglect" for purposes of D.C. Code § 51-111(b), court focused on whether delay "prejudiced the employer in its ability to present its case"); *Macci v. Allstate Ins.*, 917 A.2d 634, 638 (D.C. 2007) (burden of litigating case if default judgment was set aside did not constitute "undue prejudice"); *Chege v. Ga. Dep't of Juv. Just.*, 815 Fed. Appx. 425, 428 (11th Cir. 2020) (unpublished per curiam) (in context of motion to set aside judgment, noting prejudice to opposing party because of "duplication of time, effort, and expense"); *Conn. State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1357 (11th Cir. 2009) (in context of motion to set aside judgment, "the inquiry is

whether prejudice results from the *delay*, not from having to continue to litigate the case"); *see generally, e.g.*, *Gilliam*, 343 A.3d at 906 (in determining whether petitioners showed "excusable neglect" under Super. Ct. Civ. R. (6)(b)(1)(B) to excuse untimely filing of petition for review of agency decision, court did not give weight to claim of prejudice because it lacked "concrete" basis).

For the foregoing reasons, we vacate the trial court's order denying Mr. Newton's motion for leave to late file the notice of appeal and remand the case for the trial court to determine whether Mr. Newton has shown excusable neglect or good cause warranting an extension of time under D.C. App. R. 4(a)(5).

*So ordered.*